## Edwin Bacon *vs.* The Inhabitants of Charlton.

A tender, under Rev. Sts. *c.* 25, § 23, of a certain sum in full of damages sustained in consequence of a defect in a highway, has the effect and operation of a tender at common law; and where the declaration contains only one cause of action, specifically set forth, the tender is a conclusive admission of every fact, which the plaintiff would otherwise be bound to prove, in order to maintain his action, and precludes the defendant from introducing evidence of carelessness on the part of the plaintiff, either as to the merits of the case, or in mitigation of damages.

In an action against a town for an injury sustained by reason of a defect in a high way, groans or exclamations, uttered by the plaintiff at any time, expressing present pain or agony, and referring by word or gesture to the seat of the pain, are admissible in evidence for the plaintiff.

THIS was an action on the case to recover damages for an injury sustained by the plaintiff, in being thrown from his carriage, while travelling through the town of Charlton, in consequence of an obstruction in the highway. Before this action was brought, the defendants tendered the plaintiff $245 in full for his damages, and upon the return day of the writ paid the same into court.

At the trial in the court of common pleas, *Hoar*, J., ruled that the tender admitted the plaintiff's cause of action and all that was necessary for him to prove in order to sustain it; that the only question open was the amount of damages, and that the defendants could not argue to the jury in mitigation of damages, that the plaintiff had been guilty of any careless-ness on his part.

The presiding judge also ruled that groans or exclamations of pain, made by the plaintiff, at any time, were admissible in evidence, although they referred either by word or gesture to the locality of the pain; as if a man should put his hand upon his side and gioan, or should say, " Oh! my head! " or utter similar complaints, being an expression of present pain or agony; but that any statement of his condition or feelings, made in answer to a question, or as a narrative, or with a view to communicate information, was not admissible. And a wit-ness was accordingly allowed, against the defendants' objec-tion, to testify that the plaintiff made exclamations of pain all the way home from the place of the accident; that he made

49*

complaints of the pain for three or four days after the acci·
dent, and stated the locality of the pains; and that he some·
times put his hand upon his hip and sometimes upon his left
side.

The jury returned a verdict for the plaintiff in the sum of
$561, and the defendants alleged exceptions.

*E. Washburn*, for the defendants. 1. The tender, made
under Rev. Sts. *c.* 25, § 23, is of a peculiar character, and is
not governed by the rules of the common law. 3 Steph. N. P.
2599. It does not admit the plaintiff's cause of action, as set
forth in his declaration, for it was made before his declaration
was filed. It admits only the facts necessary to sustain the
action, and leaves every thing beyond nominal damages an
open question. It does not estop the defendants to show the
plaintiff's negligence in mitigation of damages. To allow the
tender to operate as an admission of the cause of action
would contravene the provisions of Rev. Sts. *c.* 100, § 18. 2.
The plaintiff's own declarations as to the extent and degree
of the injury, made subsequent to the time of the injury, and
especially those made after the lapse of one or two days, were
not admissible in evidence. 1 Greenl. Ev. § 102; 2 Steph. N.
P. 1563; *Thompson* v. *Trevanion,* Skin. 402; *Rex* v. *Foster,*
6 Car. & P. 325.

*B. F. Thomas* and *G. F. Hoar,* for the plaintiff.

BIGELOW, J. The first question to be considered in this
case is, how far the tender and payment into court by the de-
fendants of a certain sum for damages, under Rev. Sts. *c.* 25,
§ 23, admit the plaintiff's case. We take the rule to be well
settled, that where money is tendered and paid into court,
upon a declaration which contains only one cause of action,
specifically set forth, it operates as a conclusive admission of
every fact, which the plaintiff would be bound to prove in
order to maintain his action; leaving open only the question
whether he is entitled to recover any greater amount of dama-
ges. By the decisions of the English courts in actions of
*indebitatus assumpsit,* when the declaration contains the gene-
ral money counts; and in those actions of tort, in which, by
*St.* 3 & 4 Wm 4, *c.* 42, a tender and payment into court is

allowed, when the declaration is general, by charging, for instance, the conversion or taking of various articles ; the tender and payment only admit some contract, or some wrong, of the kind alleged in the declaration, with damages to the amount paid into court; and if the plaintiff seeks to recover a larger amount, he must prove a contract or tort, as well as a greater amount of damages. In such cases, the payment into court, being on a general declaration, cannot be applied to any particular contract, or to a wrong done by taking or converting any particular article, and does not therefore admit any thing beyond the amount paid in. But where a special contract is set out, or a specific wrongful act or omission is charged, by which an injury is done to a person or a single article of property, the payment can be applied only to such contract, act or omission, and admits it as alleged in the declaration. *Cook* v. *Hartle,* 8 Car. & P. 568 ; *Lloyd* v. *Walkey,* 9 Car. & P. 771 ; *Story* v. *Finnis,* 6 Welsb. Hurlst. & Gord. 123. And see *Hubbard* v. *Knous,* ante, 556.

The declaration in the present case alleges only one specific cause of action in satisfaction of which the money was tendered and brought into court, and we can see no reason why the rule above stated is not applicable to it. The statute, which gives the defendants the right to make a tender, does not limit or qualify the right. It does not specify how the tender is to be made, or what proceedings are to be had in the action after entry, in order to render the tender effectual to the party making it. It merely confers the right to make the tender. To ascertain the mode of proceeding, and the legal effect of the tender, we must resort to the rules of the common law in such cases. When a statute confers a right by the use of terms, which have a clear, well settled and fixed meaning in the law, it is a necessary and reasonable inference, that the legislature intended to give all the rights and attach all the burdens which the terms used legally import. More especially is this a sound rule of construction, where acts are passed upon subjects which relate to legal proceedings. In such cases, words are to be understood as used in their legal and technical sense, unless the contrary appears from the statute itself.

Rev. Sts. c. 2, § 6, cl. 1; *Merchants Bank* v. *Cook,* 4 Pick. 411. In this statute, the word "tender" is used without any thing to change or qualify its strict technical signification. We are therefore to suppose that the legislature intended so to use it, and to annex to it all the legal incidents and consequences, which properly attach to the word in legal proceedings. It follows, that when a party avails himself of the right to tender to the party injured a sum for damages under this statute, and thus seeks to secure the benefits conferred by it, he subjects himself to all the consequences which the common law attaches to the act. Of these, none is more clearly established, than the rule, that a tender in such a case admits the cause of action.*

And we think any other construction of the statute would be unreasonable and unjust. If, after making a tender, the defendants were allowed to come into court and plead to the merits of the action, the plaintiff would be compelled to incur all the expense of making out his case, at the risk, if he failed to recover more than the sum tendered, of paying not only his own costs but those of the other party, although he should succeed in establishing a good cause of action. Such a result would be at variance with the uniform policy of our statutes, which allow the prevailing party in all cases to recover costs. It would compel a party to pay the costs of proving that part of his case on which he prevails, and also allow the party against whom a good cause of action has been established to recover costs.

There would be, too, a very great inconsistency in the whole proceeding, if, after a tender, the merits of the whole case

---

* By *St.* 1852, c. 140, § 1, in any action at law or suit in equity, wherein damages only are sought to be recovered, the defendant may offer in writing to be defaulted, and that judgment may be rendered against him for a sum specified, as damages; and the plaintiff may, within ten days after notice of the offer, or within such further time as the court may allow, accept judgment for such sum, with costs to the date of such notice. By § 2, if the plaintiff does not so accept the offer, and recovers a less sum in damages, the defendant shall recover his costs from the date of the offer, and the plaintiff shall recover no costs after that date. Section 3 provides that no offer made under this act, and not accepted, shall be evidence against the party making the same, either in the same action or suit, or in any other.

were still open to be contested at the trial. The party making the tender, in order to avail himself of it, must bring the money into court, and when brought in, the plaintiff has a right to take it out on request. Rule 14 of this court, 24 Pick. 388. In the event, therefore, of a verdict for the defendants, on the general issue, if the whole merits of the case are open, we should have the strange anomaly of a plaintiff taking money out of court upon a cause of action which he had failed to establish on the trial.

It was suggested at the argument, although not strenuously insisted on, that to allow a tender to operate as an admission of the cause of action, would contravene the provision in the Rev. Sts. *c.* 100, § 18, that "when a defendant shall plead two or more pleas in his defence, no averment, confession or acknowledgment, contained in any one of such pleas, shall be used or taken as evidence against him, on the trial of any issue joined on any other of the same pleas." It is sufficient answer to this objection to say, that a tender under our practice is not pleaded in defence to the action, but the money is brought into court under the common rule, as it is called, and an order or rule of court is passed, under which the plaintiff proceeds, if he so elect, to the trial of the cause ; so that a tender cannot be regarded as within the terms of this statute, it not being a matter to be pleaded in defence to the action. The statute only refers to such averments and confessions as are required to be set out in a plea in defence to the action.

It seems to us, therefore, that the tender made by the defendants, and on which they relied, did admit the cause of action, and that the ruling of the court below on this point was correct. We have already stated the extent to which this admission goes. It admits the existence of every fact, which the plaintiff would be obliged to prove in order to maintain his action. In the case at bar, therefore, the tender must be taken as an admission of the use of ordinary care by the plaintiff at the time of the accident, because proof of such care is essential to the plaintiff's right of recovery. Ordinary care cannot exist where there is carelessness ; and to allow a

defendant to prove carelessness for any purpose, either upon the merits or in mitigation of damages, would be to permit him to contradict the admission which, by his tender, he had made.

The next objection raised by the exceptions relates to the admission in evidence of expressions and complaints of pain by the plaintiff, after the accident. The rule of law is now well settled, and it forms an exception to the general rules of evidence, that where the bodily or mental feelings of a party are to be proved, the usual and natural expressions of such feelings, made at the time, are considered competent and original evidence in his favor. And the rule is founded upon the consideration, that such expressions are the natural and necessary language of emotion, of the existence of which, from the very nature of the case, there can be no other evidence. There are ills and pains of the body, which are proper subjects of proof in courts of justice, which can be shown in no other way. Such evidence, however, is not to be extended beyond the necessity on which the rule is founded. Any thing in the nature of narration or statement is to be carefully excluded, and the testimony is to be confined strictly to such complaints, exclamations and expressions as usually and naturally accompany, and furnish evidence of, a *present* existing pain or malady. Of course, it will always be for the jury to judge whether such expressions are real or feigned, which can be readily ascertained by the manner of them, and the circumstances under which they are proved to have been made. The ruling of the court below on this point was strictly in conformity with the rules of law, and was properly guarded and limited. 1 Greenl. Ev. § 102; *Aveson* v. *Lord Kinnaird,* 6 East, 188. These remarks as to the limitation of the rule are not intended to apply to the statements made by a patient to a medical man, to which a different rule may be applicable. *Exceptions overruled.*